# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| STRIPE PARKING, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 15 C 2557 |
| KIOSK INFORMATION SYSTEMS, INC., | ) ) | Judge Jorge L. Alonso |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of plaintiff/counterdefendant, Stripe Parking, LLC ("Stripe"), to dismiss the counterclaim of defendant/counterplaintiff, Kiosk Information Systems, Inc. ("Kiosk"), pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is denied for the following reasons.

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the counterclaim, drawing all reasonable inferences in Kiosk's favor. *See Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). The counterclaim need not include "detailed factual allegations" but must contain "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

This is an action for breach of contract. Stripe alleges that Kiosk failed to complete and deliver a Parking Access and Revenue Control system for a hotel parking facility in the Chicago area. (Compl. ¶¶ 1, 8.) Kiosk's counterclaim is for unjust enrichment. It alleges therein that it provided Stripe with services beyond the scope of what the parties had agreed to in their contract, including the development of "additional functionality," (Countercl. ¶¶ 1, 23), and that Stripe accepted the benefits of these services but did not pay for them, (*id.* ¶¶ 24-25).

Stripe contends that Kiosk "has failed to allege any facts establishing a benefit to Stripe resulting from the services it provided," and further that "[t]he reason no such allegations are included in the counterclaim is straightforward and simple. Stripe received no benefit from the purported services allegedly provided by Kiosk. As alleged in the complaint, the parking system did not work . . . ." (R. 17, Mot. ¶¶ 4-5.) Stripe's argument that Kiosk has failed to plausibly allege that Stripe received a benefit is a thinly-veiled argument that in fact, Stripe received no benefit. Whether Stripe actually received a benefit is a merits issue that the Court does not resolve on a motion to dismiss. Contrary to Stripe's assertion that "[n]o facts setting forth the alleged benefit are set forth in the counterclaim," (*id.* ¶ 11), Kiosk has alleged that it provided software and hardware development services to Stripe pursuant to Stripe's requests. These allegations allow a reasonable inference that Stripe benefited from these services.

Stripe also argues that because the parties' relationship is governed by contract, Kiosk is foreclosed from bringing an unjust enrichment claim. "When two parties' relationship is governed by contract, they may not bring a claim of unjust enrichment unless the claim falls outside the contract." *Utility Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 688-89 (7th Cir. 2004). "In determining whether a claim falls outside a contract, the subject matter of the contract governs, not whether the contract contains terms or provisions related to the claim." *Id.* at 689. Kiosk has alleged that at least some of the services it provided to Stripe fell outside the scope of the parties' agreement. It appears that a number of agreements between the parties may be involved, and the parties do not agree on the scope and terms of their contractual relationship. (*See* R. 13, Answer ¶ 9 ("Kiosk . . .denies that these three documents represent the entirety of the parties' contractual relationship.").) In the Court's view, it would be inappropriate to conclude at this juncture that Kiosk's unjust enrichment claim is entirely barred by a specific contract. *See, e.g., Stevens v.*

2

*Interactive Fin. Advisors, Inc.*, No. 11 C 2223, 2012 WL 6568236, at *6 (N.D. Ill. Dec. 17, 2012) (denying a motion to dismiss an unjust enrichment claim as barred by contract, where the scope and nature of the alleged contracts at issue were unclear); *Muehlbauer v. Gen. Motors Corp.*, 431 F. Supp. 2d 847, 855 (N.D. Ill. 2006) ("[I]t is premature to dismiss the quasi-contract claims based on contracts not adequately presented to the court.").

The motion of plaintiff/counterdefendant Stripe Parking, LLC to dismiss the counterclaim [17] is denied. Plaintiff/counterdefendant may file an answer to the counterclaim by June 26, 2015.

**SO ORDERED.**            **ENTERED: June 10, 2015**

_____
**JORGE L. ALONSO**
**United States District Judge**